### No. 10,315.

### R. S. CHARLES, TREASURER, ETC., vs. BOARD OF LIQUIDATION OF THE STATE OF LOUISIANA.

A State warrant, recognized as having been issued for a valid consideration, such as public work, for which the State is liable, and the legality of which is not contested by the State, is entitled to be funded under Act 11 of 1875.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Buckner*, J.

*Girault Farrar* for Plaintiff and Appellant.

*Walter H. Rogers*, Attorney General, for Defendant and Appellee.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff sues in his official capacity, to have a State warrant, dated April 22d, 1872, No. 1901, payable to H. S. Mc-

NEW ORLEANS, MARCH, 1889. 241

State ex rel. Schwartz et al. vs. Judge, et als.

Comb and duly endorsed by him, for $6430 43, recognized as a valid and binding obligation of the State, issued in strict conformity to law and not in violation of the Constitution of the State, or of the United States, and for a valid consideration, and as such funded by the defendant board.

After issue joined by the State, the case was tried contradictorily with the Attorney General, and, on satisfactory evidence, it was decided in favor of plaintiff.

Under the requirements of the Act of 1875, No. 11, Sec. 1, which forbids the board from issuing State bonds, in lieu of outstanding questioned or questionable obligations of the State, previously issued, unless the legality or validity of the same has been first declared by the Supreme Court of the State, by final decree—the plaintiff appeals from the judgment in his favor.

The evidence shows, that the warrant was issued on deposit with the State Auditor, of a certificate of the chief of the State Engineers for work done on a public levee and paid for by the railroad company of which McComb was at the time president.

Provision was made for the payment of such warrants by Act 22 of 1872, and registry of it is to be found in the books of the State Auditor, as a State obligation.

The State has in no way, impugned the integrity and binding effect of the warrant in question either below, or here. An inspection of the record does not enable us to discover any grounded objection to the funding asked.

Considering that the warrant was issued for a valid consideration; that the State is liable for it and that the plaintiff is entitled to have it funded, we so declare. V. 33 Ann. 124; 37 Ann. 176; 40 Ann. 379.

Judgment affirmed.